IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE MOORE, #B-68521, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00398-JPG |
| | ) |
| WARDEN JAMES LUTH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Antoine Moore, currently an inmate at Vandalia Correctional Center ("Vandalia"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Moore asserts that he has been subjected to unsafe and unhealthy living conditions at Vandalia.

This matter is now before the Court for a preliminary review of Plaintiff's amended complaint (Doc. 8) pursuant to 28 U.S.C. § 1915A. Plaintiff filed the amended pleading at the direction of the Court after his original complaint was dismissed without prejudice for failure to state a claim. (*See* Doc. 7). Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff asserts that he has been subjected to unsafe and unsanitary living conditions while confined at Vandalia. (Doc. 8, p. 5). Specifically, he complains of broken windows, paint peeling from the walls, insulation debris from pipes, clogged drains, sleeping in close proximity to an old vent, a lack of air circulation, and water on the floor from leaky pipes. *Id*.

1

In order to prevail on a claim attacking the conditions of confinement, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society. *Id.* The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).

In this case, Plaintiff has identified numerous conditions that collectively support a claim for unconstitutional conditions of confinement. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). The Seventh Circuit has observed that "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Wilson*, 501 U.S. at 304 (1991); *see also Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). At this stage, Plaintiff has stated facts sufficient to meet the objective component of the test. The question, then, is whether Plaintiff has stated a claim that Defendant Luth, warden at Vandalia, was deliberately indifferent to the alleged unconstitutional conditions.

In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See,*

*e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Unlike in the original complaint, Plaintiff has alleged in the amended complaint that he has personally complained to Defendant Luth on multiple occasions about the unhealthy living conditions at Vandalia, but that Defendant Luth refused to take any actions to address Plaintiff's concerns. Plaintiff further asserts that Luth rarely makes rounds to the dorms, thereby turning a blind eye to the conditions. Moreover, Plaintiff maintains that when he has tried to follow-up with Defendant Luth about his concerns regarding the conditions of his confinement, Defendant Luth tells him that now is not the time to talk about it. (Doc. 8, p. 5). Officials in supervisory positions may be held liable for unconstitutional conditions that they deliberately choose to ignore. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). Plaintiff has articulated an actionable conditions of confinement claim against Defendant Luth and may proceed on this claim.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be referred to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment conditions of confinement claim against Defendant **LUTH**.

The Clerk of Court shall prepare for Defendant **LUTH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).


**IT IS SO ORDERED.**

**DATED: November 17, 2015**

*s/ J. Phil Gilbert*
United States District Judge