IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-398-MJR-SCW |
| | ) |
| JAMES LUTH, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Antoine Moore filed his complaint against James Luth alleging unconstitutional conditions of confinement while at Vandalia Correctional Center (Doc. 9). This matter is currently before the Court on Defendant's motion to dismiss for want of prosecution (Doc. 31). Defendant indicates that he noticed Plaintiff's deposition for December 14, 2016 but that Plaintiff informed counsel for Defendant that he would not make his deposition scheduled for that date. This Court granted additional time to depose Plaintiff, extending the discovery deadline to April 3, 2017 (Doc. 28). Defendant sent Plaintiff a deposition notice on March 21, 2017 but service by mail was unsuccessful (Doc. 31, p. 1). Defendant again sent notice of the deposition to Plaintiff on April 27, 2017 by U.S. Postal Service (*Id.*). The

deposition was set for May 10, 2017 but Plaintiff again failed to appear (*Id.* at p. 2; 31-1). Defendant subsequently filed his pending motion to dismiss for Plaintiff's failure to appear at his deposition or otherwise prosecute his case.

The undersigned set this matter for hearing on May 19, 2017 for June 6, 2017 (Doc. 32). Notice was sent to Plaintiff on May 22, 2017 to Plaintiff's last known address. Plaintiff informed the Court of his release and new address on September 28, 2016 (Doc. 26). Plaintiff has made no further updates to the Court on his current whereabouts and the notice of hearing was not returned to the Court. As such, the Court presumes that Plaintiff received notice of the June 6, 2017 hearing. Plaintiff failed to appear at said hearing and has made no further filings with the Court. In fact, Plaintiff has not filed anything with the Court since his initial notice of address change in September 2016.

In light of Plaintiff's failure to appear and his lack of participation in the case, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.***, 718 F.3d 731, 732-33 (7th Cir. 2013)).** The

Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).**

Here, the undersigned finds that Plaintiff has failed to prosecute his case. Plaintiff has not participated in this case since his parole from prison. He has failed to participate in his scheduled deposition and failed to participate in the motion hearing on June 6, 2017, despite this Court's warning that failure to appear could result in dismissal of Plaintiff's case (Doc. 32). Plaintiff's mail has not been returned as undeliverable to the Court so the undersigned assumes that Plaintiff received notice of the hearing and chose not to appear. As such, the Court presumes by Plaintiff's lack of participation in the case since his release from prison that he is no longer interested in pursuing his claims.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** the motion to dismiss (Doc. 31) and **DISMISS with prejudice** Plaintiff's claims for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g.,* ***Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this

Report and Recommendation must be filed on or before **June 29, 2017.**

**IT IS SO ORDERED**.
DATED: June 12, 2017.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge